IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | **REPORT, FINDINGS, AND** |
| --- | --- | --- |
| | ) | **RECOMMENDATION** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:04MC00233 DB |
| | ) | |
| CRAIG A. BLAMIRES, D.C., | ) | District Judge Dee Benson |
| | ) | |
| Defendant, | ) | |
| | ) | |
| INJURY & WELLNESS CENTER, LC, | ) | |
| | ) | |
| Garnishee. | ) | |

In 2004, the United States registered a foreign default judgment from state court against Defendant Craig A. Blamires, D.C., for his failure to re-pay over $109,000 owed to Sallie Mae Servicing, L.P. Docket No. 1. As set forth below, Dr. Blamires has failed to pay the money owed, has failed to appear in Court when ordered, has provided deliberately evasive testimony to the Court, and has failed to comply with orders to provide financial and other information to the United States and this Court. The case was referred to me under DUCivR 72-2(a). Accordingly, I recommend that he be held contempt of court and incarcerated until he cures that contempt.

I REPORT AS FOLLOWS:

1. On April 30, 2009, Dr. Blamires appeared late at a Supplemental Proceeding before Magistrate Judge Alba, after a bench warrant had been ordered but not issued. He

affirmed that he would truthfully answer questions posed by the U.S. Attorney's Office outside the courtroom. Docket No. 7.

2. Not satisfied with the financial and other information that Dr. Blamires provided on that date and at a follow-up meeting, the U.S. Attorney's Office served a request for production of documents in May 2009 and later a Motion to Compel Production of Documents. Docket No. 24.

3. This Court issued a writ of garnishment to Injury & Wellness Center, LC, and later ordered the garnishee to appear and show cause why it had not answered the writ. Docket No. 19. To date, the garnishee has not responded to the writ of garnishment. Dr. Blamires testified that he is the sole member of Injury & Wellness Center, LC. He did not dispute the government's assertion that he is the registered agent for Injury & Wellness Center, LC.

4. Neither Dr. Blamires nor anyone from Injury & Wellness Center, LC (the "clinic") appeared at the appointed time on September 9, 2009. Docket No. 22. The Court ordered someone from the clinic and Dr. Blamires to attend the next hearing to show cause why no one from the clinic had appeared on September 9, 2009. The Court further ordered that the clinic and Dr. Blamires were "restrained from disposing of, transferring, or encumbering any property before the matter of contempt of court is resolved." Docket No. 23.

5. Neither Dr. Blamires nor a clinic representative appeared at the next hearing, set for October 2, 2009. The Court sent notice to Dr. Blamires that if he did not appear at a hearing set for the following week and bring with him the documents previously

requested by the United States, a bench warrant would issue. Docket No. 29.

6. On October 8, 2009, Dr. Blamires failed to appear, and the Court issued a bench warrant. Docket Nos. 31-32.

7. On October 16, 2009, Dr. Blamires appeared and testified at a lengthy hearing. The Court arranged for an affidavit of Dr. Blamires and various exhibits to be filed in the court at the hearing. Docket Nos. 34, 37. Dr. Blamires testified that he had no income or assets and that he had dedicated the same to a church during the pendency of these proceedings. He testified that all his bills and the clinic staff were paid through a company known as Timberline Management, by checks written by his wife. He testified that he was taking legal and financial advice from persons who he could not name.

8. At the end of his testimony, the Court made a specific finding that Dr. Blamires was "being evasive deliberately and . . . I believe he's not providing information in a forthcoming matter, and I will decide how to deal with that later." Docket No. 40 (transcript) at 74. The Court specifically ordered Dr. Blamires to provide on or before October 30, 2009 to counsel for the United States, information including, but not limited to the following items:

- documents requested in the Request for Production of Documents served in May, 2009 (copy attached to Docket No. 25);

- copies of specified contracts with Timberline Management;

- a copy of a check on the Timberline Management account;

- the name, address, and phone numbers for board members of Dr. Blamires' church;

- the name, address, and phone number for an unidentified man who instructed Dr. Blamires not to respond to garnishment papers served on Injury & Wellness Center, LC; and

- the names, addresses, telephone numbers, and other contact information for Irma Flores, Sue Coleman, Jackie Martin, Sandra Blamires, and Neal Blamires.

Docket No. 35 (minute entry), 40 (transcript) at 71-75.

9. Late in the afternoon of October 30, 2009, Dr. Blamires filed papers *pro se* asking for an extension of "at least 7 days" to provide "all" of the information he was ordered to provide. The filing did not explain why he had not already complied with the Court's order. Docket No. 50.

10. The United States filed a motion for an order to show cause why Dr. Blamires should not be held in contempt of court for failing to provide information as ordered by October 30, 2009. Docket No. 51.

11. The Court held a hearing on November 9, 2009, at which Dr. Blamires repeated and emphatically contended that the Court lacks "venue" over this matter. Docket No. 60. He was unable to clarify what he meant, but said that a person who he could not name had told him in a telephone conversation to say this at court.

12. Although this hearing was held more than seven days after Dr. Blamires' request for an extension of time in which to provide all of the information the Court had ordered him to provide, he brought no such documents or information to the hearing.

13. Dr. Blamires stated at the hearing that he would not respond to the United States' motion to have him held in contempt of court.

Based on the foregoing, I SPECIFICALLY CONCLUDE AS FOLLOWS:

14. There is no basis for Dr. Blamires' contention that the Court lacks venue or jurisdiction in this matter.

15. Dr. Blamires has been deliberately evasive with the Court at hearings on October 16, 2009 and November 9, 2009.

16. Dr. Blamires has repeatedly failed to comply with this Court's orders to appear and to provide information to the United States.

17. Dr. Blamires' continuing defiance of this Court's orders has caused the Court and counsel for the United States to expend significant time and effort on this matter.

## RECOMMENDATION

Consequently, I RECOMMEND AS FOLLOWS:

1. The District Court find that Dr. Blamires has failed to show cause why he should not be held in contempt of court; and

2. The District Court order Dr. Blamires to pay a fine in the amount of $100 per day until he complies with the orders to provide information, and that if non compliance continues over ten days that he shall be incarcerated until he complies with the Court's orders to provide financial and other information to the United States and/or pay the amount of the judgment against him.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a *de novo*

determination upon the record of any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this 20th day of November, 2009.

BY THE COURT:

_____
DAVID NUFFER, Magistrate Judge
United States District Court